Per Curiam.

The declaration is bad. It ought to have stated not only the injury, but how it arose. If this be necessary in this court, it is more so before inferior tribunals, whose proceedings may be reviewed here. Unless the cause of action be stated with certainty, it is impossible for us to know whether the justice had jurisdiction or not. This very suit may, for aught that appears, have been slander, or for an assault and battery, or for some other matter not cognizable before a justice. ISTor does it appear by any part of the record, (none of the testimony being returned,) what kind of action was proved by the witnesses. The judgment must, therefore, be reversed with costs.(a)
Judgment reversed.

 The general rule as to pleadings in a justice’s court is, that they need not be framed with technical nicety; Ehel v. Smith, 3 Caines’ Rep. 188. Picket v. Weaver, 5 Johns. Rep. 122, the court having expressly said that special pleading before those tribunals is to be discountenanced. Kline v. Husted, 3 Caines’ Rep. 275. The declaration, however, should state, though in generals, a cause of action, as “ for damages on account of not fulfilling a contract for a lot of land;” Petrie v. Woodworth, 3 Caines’ Rep. 219, because such non-feasance shows a cause of action. But if the demand on the face of the declaration be illegal, the court will not sustain the proceedings. As on a declaration for tavern expenses above one dollar and 25 cents, without showing that the defendant was a traveller, or lodger in the plaintiff’s house; Ehel v. Smith, ubi sup., 'So under the act “to lay a duty on strong liquors,” the declaration is bad without a time or place where the liquor was sold; Blasdell v. Hewitt, 3 Caines' Rep. 137, aliter, when it states that the defendant “ did, in the house of A. in the said town, sell to B. and received pay for one half pint of whiskey.” Picket v. Weaver, ubi sup. Where the declaration, on a promise to pay the debt of another, does not set it forth to be in writing, it will be presumed, if not shown to tí o contrary. Holly v. Rathbone, 8 Johns. Rep. 148.
Notwithstanding the disapprobation with which the case of Blasdell v. Hewitt, has, more than once, been mentioned, it is hazarded as an authority and is believed to be a sound one. The error laid down by Kent, Ch. J., as fatal, is fully recognized by the court in Picket v. Weaver. The declaration dsd not state the town where the offence was committed, and, says, the *606 Chief Justice, “this is fatal." Can there be a doubt on the point? For how can the overseers of any other town than that where the offence was committed have a right to sue ? The plaintiff, therefore, did not show any title. Mr. Justice Spencer adds, “that time and place were wanting.” They were necessary for the same reason. He further states, “nor does it negative the qualifications of the proviso.” If for “ proviso,” we read “ clause,” a reading that the. law of the case demands, and which it might be presumed every man of the profession must see, from the word “qualifications,” is a misprision either of the reporter, or of the press, the case is so far unimpeachable; for the declaration should have negatived the license. Livingston, J., states as necessary to be done, what was done in Picket v. Weaver; a specification of the liquor; but adds hypothetically the negativing the liquors in the proviso; which, in truth, was unnecessary, as is decided in Bennett v. Surd, 3 Johns. Rep. 438. What, then, does the case of Blasdell v. Hewitt, determine? 1st. That in a qui tarn, action under the above statute, as a moiety of the penalty is given to the overseers of the poor where the offence is committed, the declaration must allege the place, to give a title to the plaintiffs. 2d. That for the same reason, time and place are necessary. 3d. That as the enacting clause specifies a qualification which would discharge from the penalty, that qualification must be negatived. 4th. That the liquor should be particularized, with a duhitatur as to the negation of these liquors mentioned in the proviso.
It is hoped that the preceding elucidation will clear the case of BlasdeU v. Sewitt, from the obloquy which, it is conceived, has been rather unjustly cast upon it. The opinion of the judges are, with the exception of the word “proviso,” certainly reported as pronounced; and it is presumed the case is not the less law, because three or four reasons warrant the judgment.
With respect to the complaint in a justice’s court, see Code of Procedure, sec. 64; Waterman’s Treatise on the Powers and Duties of Justices of the Peace in the State of New York, pp. 85, 86.